IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21- |
| v. | : | DATE FILED: |
| DONNA MANGINI | : | VIOLATIONS:<br>18 U.S.C. § 1341 (mail fraud – 7 counts) |
| | : | Notice of forfeiture |

## INDICTMENT

## COUNTS ONE THROUGH SEVEN

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1. On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

2. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was signed into law. The CARES Act created the Pandemic Unemployment Assistance ("PUA") program, which provides unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

3. The PUA program is administered by the various states, including the Commonwealth of Pennsylvania, but its benefits are funded by the federal government. In Pennsylvania, the Pennsylvania Department of Labor and Industry ("PA DLI") administers the PUA program.

4. PA DLI requires that a PUA claim be made online via the PUA website, https://pua.benefits.uc.gov. The applicant must enter personal identification information, including name, date of birth, social security number, email address, telephone number, and a physical address. An applicant must also answer a series of questions that enables the PA DLI to determine the applicant's eligibility and payment amount.

5. An applicant is only eligible to receive weekly PUA benefits if the applicant is unemployed for reasons related to the COVID-19 pandemic. The applicant must certify, under penalty of perjury, that the applicant is able to go to work each day and, if offered a job, the applicant must be able to accept it. An applicant must read and understand the PUA Compensation Handbook, which indicates that any earnings must be reported for each week the applicant works.

6. If PA DLI approves an application for PUA benefits, the benefits recipient receives benefits in the form of checks, electronic fund transfers, or debit cards, and the checks and debit cards are mailed via the United States Postal Service to the physical address that appears on the application.

7. The recipient of PUA benefits receives a unique Personal Identification Number ("PIN") to access the PUA portal each week to certify their unemployment status. Payments for PUA are based on a seven-day period, from Sunday through Saturday. Thus, the benefits recipient must certify every seven days that he or she: was ready, willing and able to work each day; was seeking full time employment; did not refuse any job offers or referrals; and, had reported any employment during the week and the gross pay or other payments received. The weekly certification is required to be completed in a timely manner. A delay in the weekly certification could result in a delay or denial of further payments.

8. From in or about May 2016 to in or about October 2019, defendant DONNA MANGINI worked as a nurse for a medical facility known to the grand jury.

9. From in or about August 2019 to at least December of 2020, defendant DONNA MANGINI worked as a nurse on a regular basis for an individual known to the grand jury, for which she was paid a total of approximately $79,000.

10. From in or about May 2020, until in or about November 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DONNA MANGINI**

devised and intended to devise a scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

It was part of the scheme that:

11. On or about May 27, 2020, defendant DONNA MANGINI filed an application for PUA benefits for herself.

12. In her application, defendant DONNA MANGINI made false representations, including:

   a. She falsely described her Current Employment Status as: "Not Working."

   b. In response to the question "Are you self-employed, or the owner, or operator of a business or farm?" defendant MANGINI falsely replied: "No."

    c. In response to the question "Are you unemployed as a direct result of a pandemic or major disaster?" defendant MANGINI falsely responded: "Yes."

    d. In response to the question "What was the major disaster [that caused your unemployment]?" defendant MANGINI falsely responded: "COVID-19."

    e. In response to the question "Did you quit your job because of COVID-19?" defendant MANGINI falsely replied: "Yes."

    f. In response to the question "Did you do any type of non-W-2 or self-employed work in the last 18 months?" defendant MANGINI falsely replied: "No."

13. From in or about June 2020, through in or about November 2020, defendant DONNA MANGINI accessed the PUA portal each week and falsely certified that she was currently unemployed and had no paid employment during the prior week.

14. Based upon the false representations of defendant DONNA MANGINI in her application, as well as the false weekly certifications submitted by defendant MANGINI, PA DLI approved her application and issued approximately $34,308 in PUA benefits.

15. In or about May 2020, defendant DONNA MANGINI received two checks dated May 28, 2020, payable to her, in the amounts of $8,240, and $4,320, which represented PUA benefits for the period from February 8, 2020 (the earliest for which PUA benefits were available) to on or about May 27, 2020, which were mailed to the home address that she provided on her application.

16. In or about June 2020, defendant DONNA MANGINI received two checks dated June 1, 2020, payable to her, in the amounts of $515 and $540, and two checks dated June 8, 2020, payable to her, in the amounts of $515 and $540, which represented PUA benefits for the last week of May 2020 and the first week of June 2020, which were mailed to the home address that she provided on her application. The remaining benefits were made available by way of a debit card issued in her name and mailed to the home address that she provided on her application.

17. Between on or about June 23, 2020, and at least December 6, 2020, defendant DONNA MANGINI used or caused the use of the debit card to access the PUA benefits by making purchases and cash withdrawals, among other things.

18. On or about each of the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DONNA MANGINI,**

for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud, and to obtain money by materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by mail, according to the direction thereon, the items described below, each mailing constituting a separate offense:

| Count | Date | Item |
|---|---|---|
| 1 | May 28, 2020 | Check in the amount of $8,240, payable to DONNA MANGINI, xxxxx Juniper Street, Philadelphia, PA 19148-4321 |
| 2 | May 28, 2020 | Check in the amount of $4,320, payable to DONNA MANGINI, xxxxx Juniper Street, Philadelphia, PA 19148-4321 |
| 3 | June 1, 2020 | Check in the amount of $515, payable to DONNA MANGINI, xxxxx Juniper Street, Philadelphia, PA 19148-4321 |

| | | |
|---|---|---|
| 4 | June 1, 2020 | Check in the amount of $540, payable to DONNA MANGINI, xxxxx Juniper Street, Philadelphia, PA 19148-4321 |
| 5 | June 8, 2020 | Check in the amount of $515, payable to DONNA MANGINI, xxxxx Juniper Street, Philadelphia, PA 19148-4321 |
| 6 | June 8, 2020 | Check in the amount of $540, payable to DONNA MANGINI, xxxxx Juniper Street, Philadelphia, PA 19148-4321 |
| 7 | June 17, 2020 | U. S. Bank debit card in the name of DONNA MANGINI, xxxxx Juniper Street, Philadelphia, PA 19148-4321 |

All in violation of Title 18, United States Code, Section 1341.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1341, described in Counts One through Seven of this Indictment, defendant

**DONNA MANGINI**

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title, 28 United States Code, Section 2461(c).

A TRUE BILL:

**GRAND JURY FOREPERSON**

*Jennifer Arbittier Williams*
**JENNIFER ARBITTIER WILLIAMS**
**ACTING UNITED STATES ATTORNEY**

Case 2:21-cr-00066-JP   Document 1   Filed 03/02/21   Page 9 of 9

No._ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

DONNA MANGINI

INDICTMENT

Counts

18 U.S.C. § 1341 (mail fraud – 7 counts)
Notice of forfeiture



Filed in open court this _____ day,
Of _____ A.D. 20 ____

_____
Clerk

Bail, $ _____